IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BLAKE C., by and through his mother, TINA F., | ) CIVIL NO.  06-00335 JMS/BMK<br>)<br>) |
| Plaintiffs, | ) |
| | ) ORDER AFFIRMING IN PART AND |
| vs. | ) REVERSING IN PART HEARINGS<br>) OFFICER'S DECISION |
| DEPARTMENT OF EDUCATION,<br>STATE OF HAWAII, | )<br>)<br>) |
| Defendants. | )<br>) |
| _____ | ) |

## ORDER AFFIRMING IN PART AND REVERSING IN PART HEARINGS OFFICER'S DECISION

## I. INTRODUCTION

Before the court is Administrative Hearings Officer Haunani H. Alm's ("Hearings Officer") January 19, 2007 Amended Decision: (1) finding that Plaintiffs filed their request for a due process hearing within the ninety-day statute of limitations period contained in Hawaii Revised Statutes ("HRS") § 302A-443(a)(2); (2) ordering the Defendants to reimburse Plaintiffs for expenses related to Blake C.'s placement at a private school for the 2004-2005 school year; and (3) ordering a year of compensatory education at a private school for the 2006-2007 school year.  Based on the following, the court AFFIRMS IN PART AND

REVERSES IN PART the Hearings Officer's January 19, 2007 Amended

Decision.[1]

## II. <u>BACKGROUND</u>

Seven-year-old Blake C. ("Blake") is autistic.  Blake's Mother, Tina

F. ("Mother"), filed suit against the Department of Education ("DOE") and the

State of Hawaii (collectively "Defendants") seeking reimbursement of Blake's

private school tuition for the 2004-2005 school year and summer pursuant to the

Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* on

the grounds that the DOE failed to provide Blake with a Free Appropriate Public

Education ("FAPE").  This is the second time this case has come before this court.

The facts relevant to this round of motions are as follows:

On October 29, 2004, Mother, a DOE teacher, informed the DOE that

she was placing Blake at a private school at public expense starting November 15,

2004.  Blake attended this private school until May of 2005, when Mother could

no longer afford the private school tuition.  Mother continued to work with Blake

---

[1] There are two Hearings Officer decisions relevant to this case.  The court refers to them as follows: The Hearings Officer's initial Decision issued on May 30, 2006 is referred to as the "May 30, 2006 Decision" and the Hearings Officer's Amended Decision issued on January 19, 2007 is referred to as the "January 19, 2007 Amended Decision."

at the private school in June and July 2005, at which point Blake returned to public school.

On November 7, 2005, Plaintiffs filed a DOE Request for an Impartial Hearing ("Impartial Hearing Request").  On May 30, 2006, the Hearings Officer issued a careful and well-reasoned Decision finding that the DOE failed to provide Blake with a FAPE for the 2004-2005 and 2005-2006 school years.  *See* May 30, 2006 Decision 15-19, 21.  With regards to tuition reimbursement for the 2004-2005 term, the Hearings Officer found that Mother's placement of Blake at the private school for the 2004-2005 school year was appropriate.  *See* May 30, 2006 Decision 20.  Nevertheless, the Hearings Officer denied Mother's request for tuition reimbursement for the 2004-2005 school year, finding that Mother did not request an impartial hearing within ninety days of placing Blake in private school as required by HRS § 302A-443, which provides:[2]

> (a)  An impartial hearing may be requested by any parent or guardian of a child with a disability . . . on any matter relating to the identification, evaluation, program, or placement of a child with a disability; provided that the hearing is requested:

---

[2]  HRS § 302A-443(a)(2) was amended effective June 24, 2005.  Prior to that point, a parent had two years in which to file a request for impartial hearing to seek reimbursement of private school tuition.  *See* 20 U.S.C. § 1415(f)(3)(C) ("A parent or agency shall request an impartial due process hearing within 2 years of the date the parent or agency knew or should have known about the alleged action that forms the basis of the complaint, or, if the State has an explicit time limitation for requesting such a hearing under this subchapter, in such time as the State law allows.").

. . . .

> (2) . . . within ninety days of a unilateral special education placement, where the request is for reimbursement of the costs of the placement.

The Hearings Officer therefore found that Mother was not entitled to tuition reimbursement for the 2004-2005 school year.

With regard to the 2005-2006 school year, the Hearings Officer found that Blake did not receive a FAPE.  However, Mother had not sent Blake to a private school during the 2005-2006 school year and thus had not incurred tuition for which she could be reimbursed.  *See* May 30, 2006 Decision 20 n.12.

Finally, the Hearings Officer was "unable to consider [Plaintiffs'] request for . . . compensatory relief in the form of placement of [Blake] at the Private School for the 2006-2007 school year because it was not included in [Plaintiffs'] initial request for a due process hearing."  May 30, 2006 Decision 20 n.11.  Given these findings, the Hearings Officer ordered the following limited relief to Plaintiffs:

> 1.    [Defendants] shall conduct a reevaluation of [Blake]. Pursuant to the recommendations of [Blake's] Psychologist, the reevaluation shall include, among other things, assessments, language tests and an evaluation for anxiety disorder; and
>
> 2.    [Plaintiffs] shall be deemed the prevailing party in this matter.

4

May 30, 2006 Decision 21.

On June 21, 2006, Mother timely filed a Complaint with this court claiming that HRS § 302A-443(a)(2) as applied by the Hearings Officer in the May 30, 2006 Decision was unlawful.  In relevant part, the Plaintiffs' Complaint provides:

> FACTS
> . . . .
> On May 30, 2006, Hearings Officer Alm, filed a *Findings of Fact, Conclusions of Law and Decision*.  In that ruling Hearings Officer Alm ruled that Plaintiff failed to file the Request for Hearing within 90 days of the enactment of ACT 158, and therefore, was not entitled to reimbursement for the private placement for the 2004-2005 school year[.]
> . . . .
> The Request sought relief in the form of an Order setting aside a portion of the *Findings of Fact, Conclusions of Law and Decision* dated May 30, 2006 as Hearings Officer Alm erred in denying Plaintiffs' reimbursement for the private school placement for the 2004-2005 school year.  Plaintiffs agree with all other portions of the Order.
> . . . .
> WHEREFORE, Plaintiffs pray that this Court:
> . . . .
> Grant the relief in the form of an Order setting aside a portion of the *Findings of Fact, Conclusions of Law and Decision* dated May 30, 2006 as Hearings Officer Alm erred in denying Plaintiffs' reimbursement for the private school placement for the 2004-2005 school year; and if necessary, find a violation of Section 504 as a result of the hearing officer's ruling and rule accordingly[.]

Compl. Facts ¶¶ 11 & 16, Prayer ¶ 2 (formatting omitted).  The Complaint neither

appeals nor references the Hearings Officer's denial of compensatory education

for the 2006-2007 school year.

On September 12, 2006, this court issued a remand order instructing

"the Hearings Officer to make a factual finding as to the date on which Mother

received notice of the ninety-day statute of limitations."  *Blake C. v. Dep't of*

*Educ. et al*, 2006 U.S. Dist. LEXIS 95493 *7 (D. Haw. Sept. 12, 2006).  The

Hearings Officer "agreed to re-open the proceedings . . . on the narrow issue of:

when Mother received notice of the 90-day statute of limitations set forth in HRS

§ 302A-443(a)(2)."  Jan. 19, 2007 Am. Decision 2.  The Hearings Officer held a

hearing on December 4, 2006 to address the issue of "when Mother received

actual notice from the DOE of the 90-day statute of limitations set forth in HRS

§ 302A-443(a)(2)."  *Id.* at 3.  At the hearing, Plaintiffs claimed that Mother had

received actual notice on September 26, 2005, putting her within the ninety-day

statutory window provided by HRS § 302A-443(a)(2).  Defendants argued that

Mother first received actual notice of the ninety-day statute of limitations on

August 3, 2005, making the Plaintiffs' November 7, 2005 Impartial Hearing

Request untimely under HRS § 302A-443(a)(2).

In her January 19, 2007 Amended Decision, the Hearings Officer concluded that "Mother received actual notice from the DOE of the 90-day statute of limitations in HRS § 302A-443(a)(2), on September 26, 2005." *Id.* at 5. The Hearings Officer then ordered the following relief:

> [Defendants] shall reimburse Mother for expenses related to [Blake's] placement at the Private School for the 2004-2005 school year from October 2004 to and including the 2005 extended school year period; and

> [Blake] is entitled to one year of compensatory education. Compensatory education shall include reimbursement to Mother and/or payment to the Private School for expenses related to [Blake's] placement at the Private School for the 2006-2007 school year, including the extended school year period.

*Id.* at 5-6.

Defendants now object to the Hearings Officer's January 19, 2007 Amended Decision. After full briefing, the court heard oral arguments on April 16, 2007.

## III.  STANDARD OF REVIEW

The IDEA provides that "[a]ny party aggrieved by the findings and decision" of an administrative hearings officer "shall have the right to bring a civil action with respect to the complaint presented pursuant to this section . . . in a district court of the United States, without regard to the amount in controversy."

20 U.S.C. § 1415(i)(2)(A).  The burden rests with the party challenging the administrative ruling.  *See Seattle School Dist., No. 1 v. B.S.*, 82 F.3d 1493, 1498 (9th Cir. 1996) ("As the party challenging the administrative ruling, the School District . . . had the burden of proof in district court.").

In actions appealing the findings and conclusions of an administrative hearings officer, the IDEA requires the court to "receive the records of the administrative proceedings"; "hear additional evidence at the request of a party"; and "basing its decision on the preponderance of the evidence, [to] grant such relief as the court determines is appropriate."  20 U.S.C. § 1415(i)(2)(C).[3]  The Supreme Court explains the role of the court in reviewing a Hearings Officer's administrative IDEA decision:

> [T]he provision that a reviewing court base its decision on the "preponderance of the evidence" is by no means an invitation to the courts to substitute their own notions of sound educational policy for those of the school authorities which they review.  The very importance which Congress has attached to compliance with certain procedures in the preparation of an IEP would be frustrated if a court were permitted simply to set state decisions at nought.  The fact that § 1415(e)[4] requires that the reviewing court "receive the records of the [state] administrative proceedings" carries with it the implied requirement that due weight shall be given to these

---

[3]  Prior to July 12, 2005, this provision was codified at 20 U.S.C. § 1415(i)(2)(B).

[4]  This provision now appears at 20 U.S.C. § 1415(i).

proceedings.  And we find nothing in the Act to suggest that merely because Congress was rather sketchy in establishing substantive requirements, as opposed to procedural requirements for the preparation of an IEP, it intended that reviewing courts should have a free hand to impose substantive standards of review which cannot be derived from the Act itself.  In short, the statutory authorization to grant "such relief as the court determines is appropriate" cannot be read without reference to the obligations, largely procedural in nature, which are imposed upon recipient States by Congress.

Therefore, a court's inquiry in suits brought under § 1415(e)(2) is twofold.  First, has the State complied with the procedures set forth in the Act?  And second, is the individualized educational program developed through the Act's procedures reasonably calculated to enable the child to receive educational benefits?  If these requirements are met, the State has complied with the obligations imposed by Congress and the courts can require no more.

*Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist., Westchester County v. Rowley*, 458 U.S. 176, 206-07 (1982) (footnotes omitted; final alteration in original); *see also City of Chi. v. Int'l College of Surgeons*, 522 U.S. 156, 171 (1997) (citing *Rowley* for the proposition that the IDEA "contemplates deferential review of state administrative action").

The Ninth Circuit has further clarified the court's role when reviewing an administrative hearings officer's administrative decision in an IDEA case:

The proposition that the courts must give "due weight" raises the question of how much weight is "due." We held in *Gregory K. v. Longview Sch. Dist.*, 811 F.2d 1307, 1311 (9th Cir. 1987), that "[h]ow *much* deference to give state educational agencies . . . is a matter for the discretion of the courts." Following a First Circuit decision, we held in *Gregory K.* that the courts are to consider the findings "carefully and endeavor to respond to the hearing officer's resolution of each material issue," but the court "is free to accept or reject the findings in part or in whole." *Id.* (quoting *Town of Burlington v. Dep't of Educ.*, 736 F.2d 773, 792 (1st Cir.1984), *aff'd*, 471 U.S. 359, 105 S.Ct. 1996, 85 L.Ed.2d 385 (1985)).

When exercising its discretion to determine what weight to give the hearing officer's findings, one criterion we have found useful is to examine the thoroughness of those findings. The amount of deference accorded the hearing officer's findings increases where they are "thorough and careful." *Union Sch. Dist. v. Smith*, 15 F.3d 1519, 1524 (9th Cir. 1994).

*Capistrano Unified Sch. Dist. v. Wartenberg*, 59 F.3d 884, 891 (9th Cir. 1995)

(alterations in original).

## IV.  ANALYSIS

**A.**        **The Court Affirms the Hearings Officer's Finding in the January 19, 2007 Amended Decision that the Impartial Hearing Request Was Made Within the Ninety-Day Statute of Limitations**

This court directed the Hearings Officer to determine the date on which Mother received actual notice of the ninety-day statute of limitations. To do so, the Hearings Officer had to ascertain when Mother received the "Procedural Safeguards Notice for Parents and Students" ("Procedural Safeguards Notice"),

10

the DOE document containing notice of the ninety-day statute of limitations as set forth in HRS § 302A-443(a)(2).  The Procedural Safeguards Notice is approximately 20 pages long and printed on 10 pages of white 8½ x 11 inch paper which is folded into a booklet.  *See* Resp'ts'. Ex. 48.  The Procedural Safeguards Notice was created by the DOE to replace the "Parent and Student Rights in Special Education" handout which is goldenrod in color, folds out like a map, and does not reference the applicable statute of limitations.  *See* Pets'. Ex. 30.

During the December 4, 2006 hearing, Mother testified that she first received the Procedural Safeguards Notice on September 26, 2005; Jill Kuroda ("Kuroda"), the Student Services Coordinator at the year-round public school where Blake attended classes, testified that Mother was provided a copy of the Procedural Safeguards Notice at a meeting on August 3, 2005.  The Hearings Officer credited the Mother's testimony over that of Kuroda, finding that the Procedural Safeguards Notice was given to Mother at the September 26, 2005 meeting.  Jan. 19, 2007 Am. Decision 3, n.2.  The Hearings Officer considered the Defendants' evidence that they had presented Mother with the Procedural Safeguards Notice at the August 3, 2005 meeting but ultimately found it "sketchy and insufficient to show that [Defendants] provided Mother with actual notice of HRS § 302A-443(a)(2) on August 3, 2005."  *Id.* at 3 n.3.  Instead, the Hearings

11

Officer determined that during the August 3, 2005 meeting, school officials presented Mother with the goldenrod "Parent and Student Rights in Special Education" handout.  *Id.* at 3, n.4.

The transcript of the December 4, 2006 hearing supports the Hearings Officer's findings.  In her testimony, Mother explicitly recalled reviewing on August 3, 2005 a "golden pamphlet that you unfold" which "takes up a lot of room on the table" and which "stretched pretty far" on the "very big conference table." Dec. 4, 2006 Tr. 8:20-11:12.  Mother testified that she had a distinct recollection of the meeting, and of reviewing the procedural safeguards "because this was [her] first IEP meeting with [Principal] Pang and with the new school."  *Id.* at 8:20-9:4.

Kuroda testified that the DOE's Procedural Safeguards Notice containing notice of the ninety-day statute of limitations was finalized by July 1, 2005; that she had instructed by email that the Procedural Safeguards Notice should be distributed to parents; that the goldenrod Parent and Student Rights in Special Education pamphlets were discarded; and that she attended the August 3, 2005 meeting where the Procedural Safeguards Notice was distributed to Mother. *Id.* at 18:5-20, 21:6-17, 24:11-25:3.  However, on cross examination, Kuroda admitted that she was not certain that the email she prepared attaching the updated requirements was actually sent to everyone at the school and could not definitively

12

recall certain details of the August 3, 2005 meeting.  *Id.* at 25:11-26:6, 28:7-24, 29:12-17.

This court concurs with the Hearings Officer's determination that Mother did not receive actual notice on August 3, 2005, but instead received actual notice on September 26, 2005.[5]  As such, the court finds that the Mother's Impartial Hearing Request was timely filed under HRS § 302A-443(a)(2).[6]

\\

\\

\\

---

[5]  The Hearings Officer also found that

> On August 12, 2005, Mother received a copy of the Procedural Safeguards Notice for Parents and Students at the IEP meeting.  Mother was not informed by the DOE of any change in the statute of limitations pursuant to HRS § 302A-443(a)(2) on that date.

Jan. 19, 2007 Am. Decision 3 (footnotes and paragraph number omitted).  If Mother did receive the Procedural Safeguards Notice on this date, the receipt of the pamphlet constitutes actual notice, regardless of whether the DOE explicitly explained the change in the statute of limitations.  *See Natalie M. v. Dep't of Educ.*, 2007 WL 1186835 (D. Haw. April 18, 2007).  Receipt of actual notice on August 12, 2005 also places the Impartial Hearing Request within the ninety-day limitations period.

[6]  The Hearings Officer, as a result of this finding, ordered Defendants to reimburse Plaintiffs for expenses related to Blake's private school placement during 2004-2005.  Defendants do not seriously contend, given the findings of a denial of FAPE in the May 30, 2006 Decision, that the Hearings Officer acted outside the scope of this court's remand in granting this relief.  To the extent there is any question, once the Hearings Officer found that the Impartial Hearing Request was timely filed, the remand order permitted her to order reimbursement based on her previous finding of a denial of FAPE during the 2004-2005 school year.

**B.**     **The Court Reverses the Hearings Officer's Finding in the January 19, 2007 Amended Decision that Blake Is Entitled to Compensatory Education for the 2006-2007 School Term**

The court reverses the portion of the January 19, 2007 Amended Decision granting compensatory education for the 2006-2007 school term. That relief falls outside the scope of the limited remand to the Hearings Officer and falls outside the scope of relief sought by Plaintiffs in this court.

**1.     *The Hearings Officer Went Beyond the Scope of the Remand When Issuing Compensatory Education for 2006-2007***

Administrative Hearings Officers in IDEA cases have a limited temporal jurisdiction -- lasting for forty-five days from the receipt of a request for a hearing -- in which they must issue a decision. *See* 34 CFR § 300.511 and Hawaii Administrative Rules ("HAR") § 8-56-77. After that forty-five day period -- absent an extension of the forty-five day period or a remand from a court of competent jurisdiction -- Hearings Officers are divested of jurisdiction.

A remand does not retrigger the forty-five day period. Instead, on remand a Hearings Officer's jurisdiction is narrowly limited to the scope of the remanded question. *Cf. United States v. Thrasher*, ___ F.3d ___, 2007 WL 1138486, *5 (9th Cir. Apr. 18, 2007) ("The plain language of the disposition precluded the district court from considering any other arguments[.]"); *Mendez-*

*Gutierrez v. Gonzales*, 444 F.3d 1168, 1172 (9th Cir. 2006) ("[W]e have repeatedly held, in both civil and criminal cases, that a district court is limited by this court's remand in situations where the scope of remand is clear.").

This court remanded a narrow factual question as to when Mother received actual notice of the ninety-day statute of limitations. By ordering compensatory education for the 2006-2007 term, the Hearings Officer went beyond the scope of this court's remand and beyond the scope of her jurisdictional authority under 34 CFR § 300.511 and HAR § 8-56-77. Accordingly, the court reverses the Hearings Officer's grant of compensatory education for the 2006-2007 school term.

> **2.  *The Hearings Officer Went Beyond the Scope of the Complaint When Issuing Compensatory Education for 2006-2007***

The Hearings Officer's award of compensatory education for the 2006-2007 school year also went beyond the scope of the Plaintiffs' Complaint filed in this court. The Complaint only appealed a portion of the May 30, 2006 Decision and sought a limited remedy:

> The Request sought relief in the form of an Order setting aside a portion of the Findings of Fact, Conclusions of Law and Decision dated May 30, 2006 as Hearings Officer Alm erred in denying Plaintiffs' reimbursement for the private school placement for the 2004-2005 school year. *Plaintiffs agree with all other portions of the Order*.

WHEREFORE, Plaintiffs pray that this Court:
. . . .
Grant the relief in the form of an Order setting aside a portion of the Findings of Fact, Conclusions of Law and Decision dated May 30, 2006 as Hearings Officer Alm erred in denying Plaintiffs' reimbursement for the private school placement for the 2004-2005 school year; and if necessary, find a violation of Section 504 as a result of the hearings officer's ruling and rule accordingly[.]

(emphasis added, formatting omitted).  Compl. Facts ¶ 16, Prayer ¶ 2.

Plaintiffs argue that the Hearings Officer was justified in going beyond the scope of the Complaint because the Plaintiffs

could not, at the time of filing the Request for Impartial Hearing, have anticipated the delays or known this case would take over 6 months to resolve; the 2005-2006 school year was almost over by the time the decision was rendered in this case and no meaningful compensatory education could have be[en] offered during the 2005-2006 school year.  Therefore, equity in this case called for compensatory education in the form of placing Blake at PAC for the 2006-2007 school year, including transportation for the failure of Defendant to provide Blake a free and appropriate public education ("FAPE") for the entire 2005-2006 school year.

Pls'. Answering Br. in Supp. of the Administrative Hr'g Am. Decision 2.  While the delays may have been unanticipated, Plaintiffs could have ameliorated the effects of the delays and any negative impact suffered by Blake.  For example, Plaintiffs could have filed a request for a hearing regarding Blake's IEP for the 2006-2007 school year.

16

Upholding the award of compensatory education for 2006-2007 school year would undermine the adversarial process by denying the Defendants adequate notice of the claims and a fair opportunity to brief and respond to the relevant issues.[7]  The court therefore REVERSES the Hearings Officer's grant of compensatory education for the 2006-2007 term.

\\

\\

\\

\\

\\

\\

\\

\\

\\

---

[7]  At oral arguments, Plaintiffs' counsel argued that the prayer for the court to "grant relief as the Court deems appropriate" covered compensatory education for the 2006-2007 school year.  Compl. Prayer ¶ 3.  This standard catch-all phrase is insufficient to put the Defendants on notice that compensatory education for the 2006-2007 term was an issue on remand before the Hearings Officer.  In fact, in her May 30, 2006 Decision the Hearings Officer herself refused to award compensatory education: "The Hearings Officer is unable to consider Petitioners' request for direct payment from DOE to the Private School for those portions of Student's tuition not paid by Mother and/or compensatory relief in the form of placement of Student at the Private School for the 2006-2007 school year because it was not included in Petitioners' initial request for a due process hearing."  May 30, 2006 Decision 20 n.11.

## V.  <u>CONCLUSION</u>

For the foregoing reasons, the court AFFIRMS the Hearings Officer's January 19, 2007 Amended Decision finding that Plaintiffs timely filed their Impartial Hearing Request on November 7, 2005.  The court REVERSES the Hearings Officer's January 19, 2007 finding that the Plaintiffs were entitled to compensatory education for the 2006-2007 school year.  The Clerk of Court is directed to CLOSE the case file.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, April 26, 2007.



_J. Michael Seabright_
United States District Judge

_Blake C. v. Department of Education_, Civ. No. 06-00335 JMS/KSC, Order Affirming In Part and Reversing In Part Hearings Officer's Decision

18